ADOLPH FRIEDMAN, Respondent, *v.* JACOB ROSE and Others, Appellants.

*Bill of sale and chattel mortgage executed together — a bill of sale void as to creditors is not necessarily fraudulent — objection that the mortgagor has the right to sell and retain the proceeds of the property, first raised on appeal.*

Where the owner of personal property executed, at the same time to the same person, a chattel mortgage thereon and a bill of sale thereof, and the bill of sale is tainted with actual fraud, both the bill of sale and the mortgage, having been executed together, must fall.

A bill of sale is absolutely void against the creditors of the vendor where there is no change in the possession of the property described therein, and where it is taken as additional security to a chattel mortgage upon the same property and is not filed. The fact, however, that the bill of sale is void under the statute as to the creditors of the vendor, does not make it fraudulent, so as to taint with fraud other acts done in connection therewith.

Non-compliance with a statute may make an act void, but does not make it fraudulent.

Upon an appeal from a judgment, recovered in an action wherein the title to personal property was involved, it is too late to raise the objection for the first time on the appeal that a chattel mortgage upon such property was void, because it covered the stock in trade in actual use in the store of the mortgagor, of which the mortgagor was allowed to sell and retain the proceeds resulting from sales.

APPEAL by the defendants, Jacob Rose and others, from a judgment of the Supreme Court in favor of the plaintiff, dated the 1st day of May, 1893, and entered in the office of the clerk of the county of New York upon the verdict of a jury, rendered after a trial at the New York Circuit, adjudging that the plaintiff recover the possession of certain personal property, and also from an order made at the New York Special Term on the 27th day of April, 1893, and entered in said clerk's office, denying the defendants' motion for a new trial.

*John Fennel*, for the appellants.

*D. P. Hays* and *Samuel Greenbaum*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover certain chattels specified in the complaint, by the plaintiff, as owner thereof, against the sheriff of New York; and the present defendants, the sheriff's indemnitors, were, by an order of the court, substituted as defendants in the place of the sheriff. The answer denied all the allegations of the complaint, and set up as an affirmative defense that the property was attached by the sheriff under a warrant of attachment against the property of one John Haut, who was the owner thereof or had an interest therein liable to attachment; and that the title of the plaintiff was fraudulent and the transfer to him made for the purpose of cheating and defrauding the creditors of John Haut.

Upon the trial it appeared that the plaintiff was an auctioneer and the cousin of said John Haut, who was engaged in the cigar business in this city up to and after April 16, 1891; and that on the 16th of April, 1891, and for some time prior thereto, Haut was indebted to Jacob Rose in the sum of $439.18 for merchandise sold. On the 22d of April, 1891, Rose brought suit against Haut to recover that sum and procured a warrant of attachment against the latter's property, which was levied on April twenty-third. Judgment was subsequently entered in the attachment suit by default. On the 6th of June, 1891, an execution thereon was issued to the sheriff, who returned it wholly unsatisfied, and the creditor's claim now remains unpaid.

On the 16th of April, 1891, Haut, being indebted to the plaintiff,

gave a chattel mortgage upon all his stock, fixtures and other goods and chattels then in the store where he had been conducting business, to secure the payment of said indebtedness on demand. Upon the same day he gave to the plaintiff a bill of sale, absolute in its terms, covering the stock and fixtures in said cigar store, both instruments covering the same property. The chattel mortgage was filed in the register's office on the day it was given, but the bill of sale was not filed.

It is claimed upon the part of the defendants that the bill of sale was made to cheat Haut's creditors, and that the same was confessed by the plaintiff. This claim is based upon the evidence of the plaintiff that he took the bill of sale for further security, so that if a creditor or somebody should attack the chattel mortgage, he would have the bill of sale to show that he was the owner of the goods. And the plaintiff's attorney who drew the paper also testified that he thought it would obviate any question if he, the plaintiff, got a bill of sale of all the stock there was in the place; and further, that he supposed the idea was that if there was any question about the stock being covered, he wanted to be sure of the stock, because he considered the stock had value and he wanted to make sure he would get the stock. On the twenty-third of April the mortgage was foreclosed, the marshal assuming to act only under the chattel mortgage.

There was no evidence tending to show that there was any change of possession after the making of the bill of sale and chattel mortgage.

It is now claimed that the bill of sale was void because there was no immediate change of possession; and that the chattel mortgage was also void inasmuch as it covered the stock in trade in actual use in the store. If, as is claimed upon the part of the defendants, the bill of sale was tainted with actual fraud, then the bill of sale and mortgage having been executed together, both must fall. But the evidence in the case does not necessarily support the claim that this bill of sale was fraudulent in its nature. This question was submitted to the jury and they have found against the defendants upon this issue; and we see no reason to disturb the conclusion of the jury in that regard. It is undoubtedly true that the bill of sale was absolutely void as against the creditors, because there was no change of

possession, and it was taken as additional security to the chattel mortgage and it was not filed. But being void under the statute does not make it fraudulent so as to taint other acts done in connection therewith. Non-compliance with a statute may make an act void, but does not make it fraudulent. Therefore, when the jury found that these papers were taken in good faith, the plaintiff had a right to rely upon the title which he had acquired by means of the mortgage which it is conceded was filed and complied with the law.

This, however, does not dispose of the objection which is now urged upon us, that the chattel mortgage was void because it covered the stock in trade in actual use in the store, from which the mortgagor was allowed to sell and put money in his pocket. If any such question had been raised upon the trial it probably would have been an exceedingly serious one. But we have examined this record in vain for any such point raised below. The defendants moved to dismiss the complaint upon the ground that the giving of the bill of sale and the chattel mortgage were part and parcel of the same transaction; and that the bill of sale, absolute on its face, was not an absolute sale, but a mere further security, and, therefore, fraudulent and void in law as to creditors then existing (which was not a good proposition of law), and that if the transaction was fraudulent as to the bill of sale the entire transaction was fraudulent, and no part of it can stand. We have already seen that this point was not well taken.

The defendant moved to dismiss upon the further ground that the bill of sale and mortgage were void because the plaintiff did not take possession of the property, and that there was no continuous change of possession such as the statute required. But no suggestion whatever was made that the mortgage covered stock in trade which was in actual use, and was, therefore, void. It is too late to raise this point upon appeal.

We see no reason, therefore, for interfering with the judgment, and such judgment and the order appealed from should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.